UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA S. SMITH,

    Plaintiff,

vs.

OSCEOLA COUNTY, JAMES CRAWFORD,
DAVID FOWLER, KEITH ROSE, and,
NORTHERN EDGE INSTITUTE OF
REHABILITATION, P.C.,

    Defendants.
                                          /

Case No. 1:06-cv-89

Hon. Hugh W. Brenneman, Jr.

**OPINION**

        This matter is now before the court on a motion to dismiss or in the alternative to strike all of plaintiff's witnesses, exhibits and tapes, filed by defendants Keith Rose ("Rose") and Northern Edge Institute of Rehabilitation, P.C. ("Northern Edge") (docket no. 66).

        Plaintiff's complaint includes two counts directed at defendants Rose and Northern Edge. In Count III, plaintiff alleges that these two defendants breached a fiduciary duty "as a result of their doctor-patient relationship" with plaintiff. In Count IV, plaintiff alleges that these two defendants, along with defendants James Crawford ("Crawford) and David Fowler ("Fowler") tortiously interfered with a contract or advantageous business relationship or expectancy, arising from Rose's alleged discussions with defendants Crawford "and/or" Fowler "about Plaintiff's health without Plaintiff's consent," when defendants "knew or should have known that their employer-doctor discussions about Plaintiff's health could reasonably affect Plaintiff's employment status."

        Defendants seek dismissal or other sanctions based upon plaintiff's failure to comply with the court's orders and the Rule 16 Scheduling Orders pursuant to Fed. R. Civ. P.

37(b)(2)(A)(v), which provides in pertinent part that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . dismissing the action or proceeding in whole or in part."   Defendants' motion is not without substantial support in the record, which reflects that plaintiff has engaged in a pattern of conduct disregarding the court's orders and the Federal Rules of Civil Procedure.  Plaintiff has not complied with the disclosure requirements of Fed. R. Civ. P. 26(a).  The court's order setting the Rule 16 scheduling conference explicitly warned the parties of the possible sanctions for failing to comply with the disclosure requirements:

> **If disclosures are required under Rule 26, the Court may preclude the calling of witnesses or the presentation of evidence as a sanction for failure to make timely and complete disclosures.  See Fed. R. Civ. P. 37(a)(1).**

Order (docket no. 14) (emphasis in original).

Plaintiff failed to respond to discovery requests, which resulted in a court hearing and entry of an order compelling plaintiff to provide signed answers to interrogatories and complete responses to document requests.  *See* Order (Aug. 30, 2007) (docket no. 44).  Despite the entry of the order, plaintiff failed to provide accurate or timely responses to these requests, and failed to identify certain audio tapes in her possession.

In addition, plaintiff has prevented discovery by repeatedly failing to appear for her independent medical examination ("IME") and by canceling her husband's deposition.  Neither plaintiff's IME nor her husband's deposition have occurred, despite the closure of discovery on January 2, 2008.

It is unnecessary for the court to address plaintiff's conduct in greater detail.  Defendants' motion to dismiss is unopposed.  Plaintiff did not file a responsive brief and supporting

materials as required by the local court rules, which require that any party opposing a motion for dismissal as a sanction pursuant to Fed. R. Civ. P. 16 or 37 "shall, within fourteen (14) days of service of the motion, file a responsive brief and supporting materials." *See* W.D. Mich. LCivR 7.2(a), 7.2(c), 7.3(c). *See, also,* court's order scheduling hearing, dated February 4, 2008 (noting that a brief in opposition to the motion must be filed prior to the hearing, citing the local court rule, and that if no opposition was filed, the motion could be disposed of, and the hearing cancelled, without further notice to the parties). Furthermore, although the hearing was not cancelled, neither plaintiff nor her counsel appeared at the motion hearing, despite more than 30 days' notice given by the court.

Clearly this motion is not contested.

Accordingly, defendants' unopposed motion to dismiss (docket no. 66) will be **GRANTED**. An order consistent with this opinion shall be issued forthwith.


Dated: May 9, 2008                                          /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge