UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA S. SMITH,

        Plaintiff,

Case No. 1:06-cv-89

Hon. Hugh W. Brenneman, Jr.

vs.

OSCEOLA COUNTY, JAMES CRAWFORD,
DAVID FOWLER, KEITH ROSE, and
NORTHERN EDGE INSTITUTE OF
REHABILITATION, P.C.,

        Defendants.

_____/

**OPINION**

This matter is now before the court on a motion for summary judgment filed by defendants Osceola County, Osceola County Sheriff James Crawford ("Sheriff Crawford") and Osceola County Undersheriff David Fowler ("Undersheriff Fowler") (docket no. 50).

**I.**    **Background**

This action arises from plaintiff's termination from her employment as an Osceola County Sheriff's Deputy, which occurred on October 29, 2004. Compl. at ¶ 7. Plaintiff's claims against defendants Osceola County, Sheriff Crawford and Undersheriff Fowler are set forth in Counts I, II and IV of her complaint. In Count I, plaintiff alleges that these three defendants wrongfully terminated her employment based upon sex discrimination in violation of both federal and state law. Plaintiff's federal claim arises from Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 *et seq.* ("Title VII"). While plaintiff does not provide a statutory citation for this claim, it appears that she brings this action pursuant to 42 U.S.C. § 2000e, 2000e-2, which prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private

employment. Plaintiff's state law discrimination claim arises from Elliott-Larsen Civil Rights Act, M.C.L. § 37.201 *et seq.* ("ELCRA"). It appears that plaintiff brings this action pursuant to M.C.L. § 37.2202(1)(a), which prohibits an employer from discriminating against "an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status." In Count II, plaintiff alleges that these three defendants breached the terms of an employment contract entered into by plaintiff and these defendants, "the terms of which are set forth in the document called, 'Personnel Policies for Osceola County Employees.'" Finally, in Count IV, plaintiff alleges that Sheriff Crawford and Undersheriff Fowler tortiously interfered with a contract or advantageous business relationship or expectancy related to her employment with Osceola County.

## II.     Legal standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

In this case, although plaintiff filed a responsive brief, she failed to produce any affidavits or other exhibits in support of her position.[1] In the absence of any counter-affidavits, deposition transcripts or other documents from plaintiff, the court will view defendants' affidavits, deposition transcripts and other documents as uncontested.

### III. Discussion

#### A. Discrimination claims under Title VII and ELCRA

In Count I, plaintiff alleges sex discrimination in violation of both Title VII and ELCRA. Compl. at ¶¶ 29-30. Defendants characterize plaintiff's claim as one asserting indirect sex discrimination based upon disparate treatment, and move for summary judgment on the ground that plaintiff has not demonstrated a *prima facie* case of discrimination under the framework as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff's one-paragraph response to this claim cites no authority, but simply argues that she met this burden.

While plaintiff's response refers to "sexual harassment," her complaint does not include a separate claim that sexual harassment created a hostile work environment and neither party has characterized this suit as involving a hostile work environment. Sexual harassment resulting in a hostile work environment and sex discrimination resulting in disparate treatment are two separate and distinct claims. *See Cottrill v. MFA, Inc.*, 443 F.3d 629, 635 (8th Cir. 2006) (noting that the

---

[1] While plaintiff attached an "Exhibit A" to her responsive brief listing purported exhibits, she failed to file any exhibits in this court.

plaintiff's "hostile work environment claims were not broad enough to encompass disparate treatment claims"); *Schramm v. Slater*, 105 Fed.Appx. 34, 40 (6th Cir. 2004) ("Disparate treatment and hostile work environment arguments both allege a violation of Title VII rights. However, a disparate treatment argument is analytically distinct from a hostile work environment argument - the tests for the two theories of liability have different elements"). Accordingly, the court will construe plaintiff's claim as one solely for the sex discrimination based upon disparate treatment.

### 1.     Plaintiff cannot sue the individual defendants under Title VII

Defendants correctly point out that Sheriff Crawford and Undersheriff Fowler are not proper defendants in a Title VII action. *See DeBiasi v. Charter County of Wayne*, 537 F. Supp.2d 903, 909 (E.D. Mich. 2008) (County sheriff and personnel director did not qualify as an employer in former sheriff department's Title VII action). As the court explained in *DeBiasi*:

> In *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997), the Sixth Circuit held "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." Based upon an examination of the statutory scheme and remedial provisions of Title VII, the *Wathen* court concluded that Congress did not intend to provide for individual employee/supervisor liability under the federal statute. Rather, the court determined that the term "agent" was included in the statutory language merely "to incorporate respondeat superior liability into the statute." 115 F.3d at 406.

*Id*. In reaching this determination, the *DeBiasi* court noted that ELCRA does not contain a similar prohibition against suing individual defendants. *Id.* at fn. 4, *citing Elezovic v. Ford Motor Co.*, 472 Mich. 408, 419-26, 697 N.W.2d 851 (2005). Accordingly, Sheriff Crawford and Undersheriff Fowler will be granted summary judgment with respect to plaintiff's Title VII claim asserted against them, but not as to the ELCRA claim on this basis.

### 2. Plaintiff has failed to establish a *prima facie* case of sex discrimination under Title VII and ELCRA

Plaintiff's remaining Title VII claim is asserted against defendant Osceola County. Plaintiff's ELCRA claim against Osceola County, as well as against Sheriff Crawford and Undersheriff Fowler, does not involve direct evidence of employment discrimination. In Title VII cases involving indirect evidence of employment discrimination, the Sixth Circuit utilizes a burden-shifting analysis as set forth in *McDonnell Douglas Corp. v. Green. See Hoskins v. Oakland County Sheriff's Dept.*, 227 F.3d 719, 731 (6th Cir. 2000); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Michigan has also adopted the burden shifting analysis for indirect proof of discrimination as set forth in *McDonnell Douglas. See Hazle v. Ford Motor Co.*, 464 Mich. 456, 462-63, 628 N.W.2d 515 (2001). Accordingly, the court will utilize the *McDonnell Douglas* framework for analyzing plaintiff's claims under both Title VII and ELCRA.

To establish a *prima facie* case of discrimination, plaintiff must demonstrate: (1) that she was a member of a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified for the position; and (4) that she was replaced by a member of an unprotected class or treated differently from similarly situated members of the unprotected class. *McDonnell Douglas Corp*, 411 U.S. 792; *Hoskins*, 227 F.3d at 731; *Mitchell*, 964 F.2d at 582; *Alexander v. Local 496, Laborers' International Union*, 177 F.3d 394, 402-03 (6th Cir. 1999). If the plaintiff establishes a *prima facie* case, then an inference of discrimination arises, and the burden of production shifts to the employer to set forth a legitimate, non-discriminatory reason for plaintiff's discharge. *Hoskins*, 227 F.3d at 731. If the employer presents a nondiscriminatory reason for the adverse employment action, then "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chemical Co.*, 29 F.3d 1078, 1083 (6th

Cir. 1994) (analyzing age discrimination claim).  This returns the burden to plaintiff to prove discrimination "to a new level of specificity." *Mischer v. Erie Methodist Housing Authority*, 168 Fed Appx. 709, 714 (6th Cir. 2006), *quoting Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981).

Defendants contend that plaintiff failed to satisfy the third and fourth elements of a *prima facie* discrimination case under *McDonnell Douglas* framework.  According to defendants, plaintiff's employment was terminated pursuant to ¶ 9.4 of the collective bargaining agreement between the Osceola County Board of Commissioner, the Osceola County Sheriff and the Police Officers Labor Council ("CBA"). Under ¶ 9.4, plaintiff was subject to termination because she was on sick leave for 24 months.  *See* CBA (effective January 1, 2004 through December 31, 2007) (attached to the County's brief as Exh. K); Affidavit of Undersheriff David Fowler at ¶ 3 (attached to the County's brief as Exh. M); Pamela S. Smith deposition at 146-53 (attached to the County's brief as Exh. A); Activity restriction forms prepared by Dr. Rose (attached to the County's brief as Exhs. B, D, E, G); Dr. Rose Letter (Sept. 20, 2004) (attached to the County's brief as Exh. H).[2]  In addition, the County points out that plaintiff was not qualified for the position of deputy sheriff because she had lost her state law enforcement license, which lapsed on October 4, 2004.  Furniss Letter (June 4, 2004) (attached to the County's brief as Exh. I).

Although plaintiff has failed to present any evidence in opposition to the County's motion, her deposition testimony and some of defendants' own exhibits create a contested issue of

---

[2]Defendants did not file certified copies of the records upon which they rely to support their motion as required by Fed. R. Civ. P.  56(e). However, plaintiff's failure to object to submission of these records in support of defendants' motion for summary judgment constitutes a waiver of any objection that defendants failed to comply with the requirements of Rule 56(e).  *Johnson v. United States Postal Service*, 64 F.3d 233, 236-37 (6th Cir. 1995).

fact regarding her ability to return to work. Specifically, plaintiff testified that her family physician, Dr. Rose, cleared her to return to work before the expiration of 24 months, but that Sheriff Crawford ordered her not to return to work. Smith Dep. at 146-53; Activity restriction forms prepared by Dr. Rose. This factual issue relates to the third element of a prima facie case, i.e., whether she was qualified for the position. Viewing the facts in the light most favorable to plaintiff, genuine issues of material fact exist with respect to whether Dr. Rose cleared her to return to work before the expiration of the 24-month period, whether Sheriff Crawford prevented her from returning to work, and whether these decisions improperly triggered plaintiff's termination under ¶ 9.4 of the CBA.

Nevertheless, the court agrees with defendants that plaintiff has failed to establish the fourth element of a *prima facie* case, i.e., that she was replaced by a member of an unprotected class or treated differently from members of an unprotected class. Plaintiff does not contend that she was replaced by a member of an unprotected class. Rather, she argues that "[t]he evidence will establish that the male officers were treated differently than the Plaintiff." Plaintiff's response at p. 9. Plaintiff's argument is without merit. Defendants rely on Undersheriff Fowler's affidavit, in which he states that "[p]laintiff's sheriff's deputy position was not filled" and "[o]ther than Pamela Smith, no other employee, male or female, ever exceeded the two year absence which mandates termination under the Union contract." Fowler Affidavit at ¶¶ 2-3. Plaintiff has not filed a counter-affidavit or presented any evidence establishing that she was replaced by a man or that she was treated differently from any male employees at the sheriff's department. Plaintiff has failed to demonstrate a *prima facie* case of sex discrimination. Accordingly, defendants will be granted summary judgment with respect to her sex discrimination claims brought pursuant to Title VII and ELCRA.

### B. Plaintiff's remaining state law claims

The remainder of plaintiff's claims against defendants involve violations of Michigan state law. First, plaintiff alleges that defendants Osceola County, Crawford and Fowler breached "a contractual agreement in May of 2000 . . . the terms of which are set forth in the document called, "Personnel Policies for Osceola County Employees." Compl. at ¶ 35. Second, plaintiff alleges that defendants Crawford and Fowler tortiously interfered with a contract or advantageous business relationship or expectancy related to her employment at the County.

Section 1367 of Title 28 of the United States Code provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." 28 U.S.C. § 1367(a). Here, the court exercised its supplemental jurisdiction over plaintiff's state law claims, because those claims were presumably intimately related to the alleged Title VII violation. The dismissal of plaintiff's federal claim against defendants, however, requires the court to re-examine the issue of supplemental jurisdiction for state law claims against this defendant. Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." Thus, once a court has dismissed a plaintiff's federal claim, the court must determine whether to exercise, or not to exercise, its supplemental jurisdiction under § 1367. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892-893 (6th Cir. 1998).

As a general rule "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996). Here, plaintiff's complaint

involved one federal claim and four state law claims. The Court has rejected plaintiff's sole federal claim. Plaintiff's remaining claims involve issues of state law sounding in contract and tort. There is no reason to retain supplemental jurisdiction over these state law claims. Accordingly, the court will dismiss plaintiff's state law claims alleged against defendants without prejudice.

### IV. Conclusion

The motion for summary judgment filed by defendants Osceola County, James Crawford and David Fowler (docket no. 50) will be **GRANTED** as to Count I. Defendants' motion will be **DENIED** as to Counts II and IV, and these two counts will be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367. A judgment consistent with this opinion shall be issued forthwith.


Dated: May 9, 2008               /s/ Hugh W. Brenneman, Jr.
                                 HUGH W. BRENNEMAN, JR.
                                 United States Magistrate Judge